# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAMELA CALABRESE,** | : | CIVIL ACTION NO. 1:20-CV-1331 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOSEPH EDWARD GRAHAM and** | : | |
| **NEW ERA TRANSPORTATION, LLC,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Pamela Calabrese brings claims of negligence for damages due to a motor vehicle accident against defendants Joseph Edward Graham and his employer, New Era Transportation, LLC ("New Era"). Defendants move to dismiss the punitive damages portion of Calabrese's claim pursuant to Federal Rule of Civil Procedure 12(b)(6), to strike certain allegations from the complaint under Rule 12(f), and for a more definite statement under Rule 12(e). We will grant in part and deny in part defendants' motion.

## I. Factual Background & Procedural History

According to the complaint, Calabrese and Graham were involved in a motor vehicle accident in May 2019 in the southbound lanes of Route 222. (See Doc. 1 ¶ 6). Calabrese was a passenger in a vehicle that needed to slow down as "traffic became congested due to a constructive project." (See id. ¶¶ 7-8). Graham, driving a tractor trailer for New Era in the same direction, collided with the vehicle in which Calabrese was travelling, hitting the vehicle from behind. (See id. ¶¶ 9-10). The crash caused Calabrese's vehicle to roll onto its roof and caused Graham's tractor

trailer to "burst into flames." (See id. ¶¶ 11-13). Calabrese "suffered serious injuries to her head, neck, back[,] and shoulders." (See id. ¶ 14). Calabrese alleges that Graham's driving amounts to "negligence, carelessness[,] and/or recklessness." (See id. ¶ 17). She claims Graham was "distracted" as he drove, "consciously [chose]" to exceed the speed limit as he approached a construction zone, and understood "he was creating an increased risk of crashing his tractor trailer." (Id. ¶¶ 10, 17).

Calabrese filed the instant complaint in July 2020, alleging one count of negligence against Graham individually, and one count of negligence against New Era on a vicarious-liability theory. Calabrese also seeks punitive damages against both parties due to Graham's alleged recklessness.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605

2

F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**III.    Discussion**

Graham and New Era move to dismiss Calabrese's request for punitive damages under Rule 12(b)(6) and, relatedly, to strike references to "recklessness" and "conscious disregard" under Rule 12(f) as immaterial. Defendants also move

3

for a more definite statement regarding certain allegations in the complaint under Rule 12(e).

At the outset, we will grant defendants' motion to the extent it seeks a more definite statement. (See Doc. 9 ¶ 3). Defendants take issue with the phrase "but is not limited to" in paragraphs 17 and 27 of plaintiff's complaint, and they claim subparagraphs 17(i), 17(n), 17(o), 27(i), 27(n), and 27(o) are "vague and ambiguous." (See id.) Defendants seek to have this language pled with more specificity or stricken from the complaint. (See id.; Doc. 10 at 14). In her opposition brief, Calabrese "agrees to strike those averments" and declares this portion of the motion "moot." (See Doc. 12 at 3 n.1). We therefore will grant defendants' motion to the extent that we will strike the challenged aspects of paragraphs 17 and 27 from plaintiff's complaint.

### A.  Motion to Dismiss: Punitive Damages

Under Pennsylvania law, "punitive damages are an 'extreme remedy' available in only the most exceptional matters." Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005) (quoting Martin v. Johns-Manville Corp., 494 A.2d 1088, 1098 n.14. (Pa. 1985), rev'd on other grounds *sub nom.*, Kirkbride v. Lisbon Contractors, Inc., 555 A.2d 800 (Pa. 1989)). Unlike compensatory damages, which seek to make a plaintiff whole, punitive damages serve a "penal and deterrent purpose." See Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., 801 F.3d 347, 358 (3d Cir. 2015) (quoting Hutchison v. Luddy, 870 A.2d 766, 772 (Pa. 2005)). In Pennsylvania, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of

4

others." See Feld v. Merriam, 485 A.2d 742, 747 (Pa. 1984) (quoting RESTATEMENT (SECOND) OF TORTS § 908(2) (AM. L. INST. 1979)); *In re* Lemington Home for the Aged, 777 F.3d 620, 633 (3d Cir. 2015) (quoting Feld, 485 A.2d at 747). The Pennsylvania Supreme Court has adopted the Restatement definition for recklessness:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

See Hutchison, 870 A.2d at 772 (quoting RESTATEMENT (SECOND) OF TORTS § 500 (AM. L. INST. 1965)); Rung v. Pittsburgh Assocs., LP, 515 F. App'x 136, 138 (3d Cir. 2013) (nonprecedential) (citing Archibald v. Kemble, 971 A.2d 513, 519 (Pa. Super. Ct. 2009)); see also Moran v. G. & W.H. Corson, Inc., 586 A.2d 416, 423 (Pa. Super. Ct. 1991) (noting that Pennsylvania uses variety of terms, including "malicious," "wanton," "reckless," and "willful" to allow recovery of punitive damages).

Punitive damages do not comprise a standalone claim—they are a component of damages that must be proved as part of the plaintiff's negligence claim. See Kirkbride, 555 A.2d at 802; White v. Trybala, No. 3:19-CV-14, 2019 WL 2119982, at *2 (M.D. Pa. May 15, 2019). A negligence plaintiff may recover punitive damages by proving "that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." See Hutchison, 870 A.2d at

5

772. When considering whether punitive damages are warranted, "the state of mind of the actor is vital." See Brand Mktg., 801 F.3d at 360 (quoting Feld, 485 A.2d at 748).

In the matter *sub judice*, Calabrese alleges that Graham (and vicariously, New Era) behaved recklessly in the moments before the accident, warranting punitive damages. (See Doc. 1 ¶¶ 17, 18). At the pleading stage, we accept as true Calabrese's allegations that Graham violated the law by speeding, drove while distracted, and consciously chose to speed into an active construction zone. (See id. ¶¶ 10, 17). Whether these actions prove that Graham's state of mind rose to the level of "recklessness" is not a matter to be decided on a motion to dismiss. Cf. Brand Mktg., 801 F.3d at 360. It is enough that Calabrese alleges Graham (1) understood the risk to which he was exposing Calabrese and (2) acted in conscious disregard of that risk. See Hutchison, 870 A.2d at 772.

Defendants attempt to minimize the accident, characterizing it as a "standard, run-of-the-mill rear-end collision." (See Doc. 10 at 13). But defendants' characterization of the accident as standard does not make it so—a flipped vehicle and a tractor trailer engulfed in flames hardly constitute a routine motor vehicle accident. (See Doc. 1 ¶¶ 11-13). Furthermore, defendants cite no *per se* rule precluding punitive damages in rear-end collision cases. In fact, the Hutchison court's pronouncement that nothing "in law or logic" prevents a negligence plaintiff from proving outrageous conduct suggests that punitive damages may be available. See Hutchison, 870 A.2d at 772. We also note that Pennsylvania codifies reckless driving as a summary criminal offense. See 75 PA. CONS. STAT. § 3736(a) ("Any

6

person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."); see also Commonwealth v. Bullick, 830 A.2d 998, 1000 (Pa. Super. Ct. 2003). This suggests the "penal and deterrent purpose" of punitive damages through civil liability may be warranted when reckless driving is involved. Cf. Brand Mktg., 801 F.3d at 358. We will deny defendants' motion to dismiss Calabrese's punitive damages claims.

### B. Motion to Strike: Recklessness & Conscious Disregard

Under Federal Rule of Civil Procedure 12(f), district courts have broad discretion to strike "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f); see also Krisa v. Equitable Life Assurance Soc'y, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000) (quoting N. Penn. Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994)). Rule 12(f) motions, however, are customarily denied unless the challenged allegations are severely prejudicial to one of the parties and unrelated to the plaintiff's claims. Id.; see also 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2021).

We will deny defendants' request to strike certain allegations regarding Graham's recklessness and conscious disregard. Calabrese adequately pleads claims for punitive damages against both defendants. Recklessness and conscious disregard are relevant to punitive damages theories. See Hutchison, 870 A.2d at 772. These allegations are therefore material to her claims, and defendants do not argue that the allegations "are severely prejudicial" or "unrelated" to Calabrese's claims. See Krisa, 109 F. Supp. 2d at 319. Accordingly, we decline to strike these portions of the complaint.

7

**IV. Conclusion**

We will grant defendants' motion for a more definite statement to the extent it is unopposed by Calabrese. (See Doc. 12 at 3 n.1). We will deny defendants' motion (Doc. 9) to dismiss and to strike. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: June 4, 2021